# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# ERIE DIVISION

| | |
|---|---|
| Christine Hastreiter<br>1217 Silliman Ave.<br>Erie, PA 16511<br><br>    Plaintiff,<br><br>v.<br><br>Mercantile Adjustment Bureau, LLC<br>6390 Main St.<br>Williamsville, NY 14221<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. Beginning in or around October 2007, Defendant telephoned Plaintiff on numerous occasions in an effort to collect the debt.

10. During several of the communications referenced in Paragraph 9, Defendant repeatedly threatened to sue Plaintiff if the debt was not satisfied.

11. On or around January 15, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

12. During the communication referenced in Paragraph 11, Plaintiff notified Defendant that Plaintiff was not permitted to receive personal telephone calls at work and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at work.

13. Despite the notice referenced in Paragraph 12, on or around January 16, 2008, Defendant telephone Plaintiff's place of employment.

14. During the communication referenced in Paragraph 13, Plaintiff again notified Defendant that Plaintiff could not receive personal telephone calls at work and/or that it was inconvenient for Plaintiff to received Defendant's telephone calls at work.

15. Despite the notices referenced in Paragraph 12 and 14, on or around January 17, 2008, Defendant telephoned Plaintiff's place of employment.

16. During the communication referenced in Paragraph 15, Plaintiff informed Defendant that Defendant's repeated telephone calls to her place of employment were placing her job in jeopardy.

17. During the communication referenced in Paragraph 15, Defendant told Plaintiff that Defendant did not care what happened to Plaintiff.

18. On or around January 30, 2008, Defendant telephoned Plaintiff.

19. During the communication referenced in Paragraph 18, Defendant told Plaintiff that Defendant would turn the file over to legal department and abruptly hung up the telephone.

20. On or around January 31, 2008, Defendant telephoned Plaintiff.

21. During the communication referenced in Paragraph 20, Defendant asked if Plaintiff had sent any money to Defendant.

22. During the communication referenced in Paragraph 20, Defendant threatened to contact Plaintiff's employer and begin garnishing Plaintiff's wages.

23. At the time of the communications referenced above, Defendant did not have the ability to sue Plaintiff.

24. At the time of the communications referenced above, Defendant did not intend to sue Plaintiff.

25. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress to Plaintiff.

26. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: */s/ Richard J. Meier*
   Richard J. Meier
   Attorney for Plaintiff
   LEGAL HELPERS, P.C.
   233 S. Wacker
   Sears Tower, Suite 5150
   Chicago, IL 60606
   Telephone: 1.866.339.1156
   rjm@legalhelpers.com

5